IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-01243-CMA-KMT (Consolidated for all purposes with Civil Action No. 14-cv-01402-CMA-KMT)

UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE PENSION FUND, Individually and on behalf of all others similarly situated,

 Plaintiff,

v.

ADVANCED EMISSIONS SOLUTIONS, INC.,
MICHAEL D. DURHAM,
MARK H. McKINNIES,
C. JEAN BUSTARD,
SHARON M. SJOSTROM,
CHRISTINE B. AMRHEIN, and
L. HEATH SAMPSON,

 Defendants.

---

**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

---

 This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement. (Doc. # 63.)

 United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund ("Lead Plaintiff"), on behalf of itself and each of the Class Members, moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order: (1) granting preliminary approval of the proposed settlement contained in

the Stipulation and Agreement of Settlement dated June 30, 2016 (the "Settlement"); (2) conditionally certifying a settlement class; (3) approving Lead Plaintiff's proposed form and method of giving notice of the pendency of this action and the Settlement to Class Members; (4) directing that notice be given to class Members; and (5) scheduling a hearing, at which time the Court will consider: (a) the Parties' request for final approval of the Settlement, the proposed Plan of Allocation and entry of the final judgment and order of dismissal with prejudice; and (b) Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, as well as an award to the Plaintiff for reimbursement for its time and expenses in overseeing this matter.

This Court has exhaustively reviewed the record in this suit, including the Settlement, the exhibits thereto, and all relevant pleadings, and found good cause for entering the following Preliminary Approval Order.

It is **ORDERED:**

1.     This Preliminary Approval Order hereby incorporates by reference the definitions set forth in the Settlement, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Settlement.  As in the Settlement, unless otherwise specified, all time periods set forth in the Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

2.     The Court preliminarily approves the Settlement, including all provisions therein and exhibits attached thereto, as fair, reasonable and adequate to the Class, pending the Final Approval Hearing.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for the purposes of effectuating this Settlement only, a Class of all persons or entities that purchased or otherwise acquired the common stock of Advanced Emissions Solutions, Inc. ("ADES" or the "Company") (ticker symbol: ADES) between May 12, 2011 and January 29, 2015, both dates inclusive.  Excluded from the Class are: (i) Defendants, directors and officers and other employees of ADES, their families and affiliates, any entities in which any of the Defendants have a controlling interest, the legal representatives, heirs, successors, predecessors in interest, affiliates or assigns of any of the Defendants, and the Judge(s) to whom this case is assigned; and (ii) any putative members of the Settlement Class who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the mailed Notice and Rule 23 of the Federal Rules of Civil Procedure.

4. With respect to the Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the members of the Class are so numerous that joinder of all Class Members in the litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Lead Plaintiff is preliminarily appointed as Class representative for the Class and Shepherd, Finkelman, Miller, & Shah, LLP, previously appointed Lead Counsel, is preliminarily appointed counsel for the Class, with the Edgar Law Firm, LLC preliminarily appointed as liaison counsel for the Class.

6. The Court approves the form of Notice of Pendency of Class Action and Proposed Settlement (the "Notice") (Doc. # 63-4); the Summary Notice of Pendency of Class Action and Proposed Settlement ("Summary Notice") (Doc. # 63-5) (together referred to as the "Notices"); and the Proof of Claim (Doc. # 63-6), and finds that the procedures established for publication, mailing and distribution of the Notices, in the manner and form set forth in Paragraph 7 of this Preliminary Approval Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the Due Process clause); and any other applicable law, and constitute the best notice practicable under the

circumstances and shall constitute sufficient notice to all persons or entities entitled thereto.

7. The Court approves the appointment of Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims, as set forth below:

a) No later than twenty-one (21) days after entry of the Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (Doc. ## 63-4, 63-6), respectively, to be mailed by first-class mail, postage prepaid, to those members of the Class who may be identified through reasonable effort and such mailing shall be conducted by the Claims Administrator or, in the alternative, an alternative service provider but, in any event, the cost of mailing the Notice and Proof of Claim Form shall be no more than 55 cents per mailed Notice and Proof of Claim Form;

b) The Summary Notice (Doc. # 63-5) shall be published once in the IBD Weekly (*i.e.*, *Investor's Business Daily's* weekly publication) and on *Globe Newswire* no later than the Notice Date; and

c) The Settlement, the Notice, the Summary Notice and the Proof of Claim Form shall also be placed on a website dedicated to administration of this Settlement on or before the Notice Date.

8. Nominees who purchased or acquired ADES common stock for beneficial owners who are Class Members are directed to: (a) request, within fourteen (14) days of

receipt of the Notice, additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice.  If a nominee elects to send the Notice and the Proof of Claim Form to beneficial owners, such nominee is directed to mail the Notice and the Proof of Claim Form within fourteen (14) days of receipt of the additional copies from the Claims Administrator, and, upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund provided that they are fair and reasonable in all respects.

9.    No later than thirty-five (35) days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of

the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Preliminary Approval Order.

## I.     HEARING: RIGHT TO BE HEARD

10.     The Court will hold a Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on February 10, 2017, at 9:00 A.M., in the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Courtroom A-602, Denver, CO 80294, for the following purposes: (i) to determine whether the Settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the Class; (ii) to determine whether the Judgment (Doc. # 63-7) should be entered dismissing and releasing the Released Claims with prejudice; (iii) to determine, for purposes of the Settlement only, whether the Class should be finally certified, whether Lead Plaintiff should be finally appointed as representative for the Class, and whether Lead Counsel should be finally appointed as counsel for the Class; (iv) to rule upon the Plan of Allocation; (v) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Lead Counsel's and Lead Plaintiff's Litigation Expenses (hereinafter "Litigation Expenses"); and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

11.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than thirty-five (35) days prior to the Final Approval Hearing, and any

papers in further support thereof shall be filed no later than seven (7) days before the Final Approval Hearing.  If an objection is filed pursuant to Paragraph 12 below, any reply papers shall be filed no later than seven (7) days before the Final Approval Hearing.

      12.    Any member of the Class may appear at the Final Approval Hearing and show cause as to why the proposed Settlement should or should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member (i) has served written objections, by hand or first-class mail, including the basis therefore, as well as copies of any papers and/or briefs in support of his, her or its position, upon the following counsel for receipt no later than twenty-one (21) days prior to the Final Approval Hearing:

**Lead Counsel for the Class**

*SHEPHERD, FINKELMAN, MILLER & SHAH, LLP*
James E. Miller
Laurie Rubinow
65 Main Street
Chester, CT 06412

Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jmiller@sfmslaw.com
Email: lrubinow@sfmslaw.com

Nathan Zipperian
1625 N. Commerce Pkwy., Suite 320
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
Email: nzipperian@sfmslaw.com

**Liaison Counsel for the Class**

*EDGAR LAW FIRM, LLC*
David W. Edgar (Bar No. 41956)
The Spectrum Building
1580 Lincoln Street, Ste.
1100 Denver, CO 80203
Telephone: (720) 529-0505
Facsimile: (303) 486-0001
Email: dwe@edgarlawfirm.com

8

**Counsel for Defendants**

*GIBSON, DUNN & CRUTCHER LLP*
Gregory J. Kerwin
Allison K. Kostecka
1801 California Street, Suite 4200
Denver, CO 80202
Telephone: (303) 298-5700
Facsimile: (303) 313-2829
Email: gkerwin@gibsondunn.com
Email: akostecka@gibsondunn.com

*FORTIS LAW PARTNERS LLC*
Stephen M. DeHoff
Jeffrey M. Brenman
1900 Wazee Street, Suite 300
Denver, CO 80202 Telephone: (720) 904-6009
Facsimile: (303) 675-5200
Email: sdehoff@fortislawpartners.com

9

Email: jbrenman@fortislawpartners.com

*Attorneys for Defendants, Advanced Emissions Solutions, Inc., Michael D. Durham, C. Jean Bustard, Sharon M. Sjostrom, Christine B. Amrhein, and L. Heath Sampson*

MORRISON & FOERSTER LLP
Steven M. Kaufmann Nicole K. Serfoss
370 Seventeenth Street, Suite 4200 Denver, CO 80202
Telephone: (303) 592-2246
Facsimile: (303) 592-1520
Email: skaufmann@mofo.com
Email: nserfoss@mofo.com

*Attorneys for Defendant, Mark H. McKinnies*

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Colorado no later than twenty-one (21) days prior to the Final Approval Hearing.  Any objection must include: (a) the full name, address, and telephone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions in ADES common stock during the Class Period, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase (or acquisition) or sale and the price or other consideration paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's

counsel have appeared, either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Judgment, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  The notice shall also state the manner in which a notice of objection should be prepared, filed and delivered.  By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Settlement and the Judgment).

13. Any Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing.  If any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel,

Liaison Counsel, and Defendants' Counsel so that the notice is received fourteen (14) days prior to the Final Approval Hearing.

14. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.  If the Settlement is approved, all Class Members will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Settlement, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Proof of Claim Form.

15. Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, without further notice to Class Members; and (b) approve the Settlement with modification and without further notice to Class Members.  Lead Counsel shall cause any new date for the Final Approval Hearing to be posted on the website dedicated to the Settlement.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement; to allow, disallow or adjust on equitable grounds the claims of any member of the Class; and as otherwise warranted.

## II. CLAIMS PROCESS

17. In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Proof of Claim Form in accordance with the instructions

contained therein.  To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred twenty (120) days from the date of this Order.

18. The Claims Administrator, subject to the supervision of Lead Counsel and the Court, will make administrative determinations concerning the acceptance and rejection of the submitted Proof of Claim Forms.  By submitting a Proof of Claim Form, a Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the claim submitted, and the claim will be subject to investigation and discovery, if any, under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to their status as a Class Member and the validity and amount of their claim.

19. Any Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the distribution of the Net Settlement Fund, but nonetheless will be bound by all of the terms of the Settlement, including the releases provided for therein, and shall be barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting the Class Members.

### III. REQUEST FOR EXCLUSION FROM THE CLASS

20. Any requests for exclusion must be received no later than twenty-one (21) days prior to the Final Approval Hearing.  Any Class Member who wishes to be excluded from the Class must provide their (i) name, (ii) address, (iii) telephone number,

(iv) number of shares of ADES common stock purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such shares(s), (vi) the date of each purchase or sale transaction, and (vii) a statement that the Class Member wishes to be excluded from the Class.  The request for exclusion must also be signed by the person or entity requesting exclusion.  All Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or Judgment.

21.     Any member of the Class who does not request exclusion from the Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding relating to the Action, and shall be bound by the Settlement and the Judgment, including, but not limited to, the release of the Released Claims provided for in the Settlement and the Judgment, if then Court approves the Settlement.

22.     The Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses which, to the extent approved by the Court, shall be paid from the Settlement Fund.  The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court will

determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel.  Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (or both), or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement.

23. Unless the Settlement is terminated or not finally approved, only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement.

24. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement and/or further order of the Court.

25. As set forth in the Settlement, prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $100,000.00 in Notice and Administration Costs actually and reasonably incurred associated with the administration of the Settlement.  Prior to the Effective Date, payment of any Notice and Administration Costs exceeding $100,000.00 shall require notice to and agreement from Defendants, through Defendants' Counsel.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary

Notice and Administration Costs in excess of $100,000.00.  In the event the Court does not approve the Settlement, the Settlement is terminated pursuant to its terms, or if the Settlement otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any such amounts actually and properly incurred or disbursed for such purposes.  If the Settlement does not become Final or is terminated for any reason, within ten (10) days of termination, the Settlement Fund shall be returned to Defendants pursuant to written instructions from Defendants' Counsel, together with any interest earned on the Settlement Fund, less any Notice and Administration Costs actually and reasonably incurred.

      26.    Whether or not the Settlement is approved by the Court, the fact and terms of this Preliminary Approval Order and the Settlement, including its exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

      a)    shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b) shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Class Members;

c) shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

d) shall not be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Lead Plaintiff or the other Class Members as an admission or

concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial or that any damages potentially recoverable in the Action would have exceeded or would have been less than the Settlement Amount;

e)      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit; and

f)      shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Action, except for purposes of this Settlement.

27.    Unless otherwise provided in the Settlement, there shall be no distribution of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and is affirmed on appeal or *certiorari* or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, has expired.

28.    The Court hereby orders a continuation of the stay of litigation in this Action first entered on March 8, 2016 (Doc. # 55), and Lead Plaintiff, all Class Members, and anyone who acts or purports to act on their behalf, shall not institute or commence any action or litigation in any court, arbitration, or other tribunal which asserts any Released Claims.

29.    In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially

modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except Paragraphs 24-28) shall be null and void, the Settlement shall be deemed terminated, and the parties shall return to their positions as of March 8, 2016, the date this Action was stayed pending settlement discussions, without prejudice in any way, as provided for in the Settlement.

30. The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

DATED:  October 13, 2016

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge